THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COM-
PANY v. JOSEPH McCONNELL, *et al.*

1. CONTRACTOR, *Within Chapter 136, Laws of 1872.* Proof that a railroad
company paid a bridge-builder for work done on one of its bridges upon
estimates made by the company's agents as the work progressed, is suf-
ficient proof from which a finding may be made that such bridge-builder
was a "contractor" within the meaning of chapter 136 of the laws of
1872. (Comp. Laws of 1879, p. 785.)

2. A CONSTRUCTION, *What is.* Where a railroad company entirely removes
an old bridge, and supplies its place with a new and larger one, con-
structed of iron, with cut-stone abutments imbedded in the earth, ·*held*,
that the construction of such new bridge is a "construction" of a "part"
of the company's road, within the meaning of the statute above cited.

*Error from Osage District Court.*

ACTION brought by *McConnell* and another against the
*Railroad Company*, to recover for board and lodging fur-
nished by plaintiffs to an alleged contractor of defendant.
Trial, and judgment for the plaintiffs, at the January Term,
1880, of the district court. The defendant brings the case to
this court. The facts appear in the opinion.

*Ross Burns*, and *W. C. Campbell*, for plaintiff in error.

*Ellis Lewis*, and *H. K. McConnell*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was instituted by Joseph and
H. K. McConnell against the Atchison, Topeka & Santa Fé
railroad company, before a justice of the peace of Osage county,
and, after judgment in that court, was taken on appeal to the
district court, where judgment was rendered in favor of the
plaintiffs on demurrer to their evidence; and of this judgment
the defendant now, as plaintiff in error, complains.

The action was brought under chapter 136 of the Laws of
1872, (Comp. Laws of 1879, p. 785,) to recover from the rail-
road company for board and lodging furnished by the plain-
tiffs to one J. Ryburn, an alleged contractor of said company,

and from whom the company had failed to take a bond, as required by said statute. The plaintiff in error claims that the plaintiffs below failed to prove their case in two particulars:

1. The company claims that the plaintiffs failed to prove that Ryburn was a contractor, within the meaning of said statute.

2. The company also claims that the plaintiffs failed to prove that Ryburn's work for the company was done in the "construction of its road or any part thereof," within the meaning of the statute.

In both of these particulars we think the plaintiff in error is mistaken, and that the decision of the court below was correct. The work performed by Ryburn for the railroad company was in the construction of a bridge across Cherry creek, in Osage county. What the dimensions of the bridge are is not shown; but it must be a bridge of some considerable size. It is a new bridge, constructed entirely of iron, with cut-stone abutments imbedded in the earth, and is to span Cherry creek. What the size of Cherry creek is, was not shown; and whether it is a large or small stream we cannot tell. Ryburn's portion of the work in constructing this bridge was in building the stone piers or abutments and in rip-rapping the approaches to the bridge; and this work occupied himself and about fourteen other men employed by him for about six weeks during the months of August and September, 1877; and during this time they all boarded with the plaintiffs. The railroad had been built at this place for about seven years previous to the construction of this bridge, and during that time there was a wooden bridge in use, apparently of a temporary character. This wooden bridge was about twenty or thirty feet shorter than the new bridge, and was very much out of repair before the new bridge was constructed. It was all torn away, and the new bridge constructed in its place. All the material for the new bridge, including the stone and cement, was brought from a distance by the railroad company over its road, and the company paid Ryburn for building

the bridge, upon estimates, as the work progressed. The company also paid the plaintiffs for a portion of Ryburn's board, with money which the company admitted was due to Ryburn for work done by him on the bridge. The company also ran trains daily over that portion of the road near this bridge. And other evidence showed that the company was fully aware at all times that the bridge was being constructed; and the bridge now forms a part of the main track of the railroad, and is used daily by the railroad company in running its trains over Cherry creek.

We think that the foregoing facts are sufficient to prove both, that Ryburn was a "contractor," and that his work was done in the "construction" of a "part" of the company's road; and this, with the other facts admitted and proved, makes out a case for the plaintiffs below. If Ryburn was not a "contractor," why did the company pay him for his work in building the bridge upon estimates made by the company's agents? And is not the bridge at this time a "part" of the company's road? and was it not "constructed?" No part of the old bridge remains, not even the abutments; and nothing of the road remains as it was first constructed across Cherry creek. Everything now used for the crossing of Cherry creek is new. Besides, the first bridge had the appearance of being only a temporary structure. The abutments were not imbedded in the earth, and were placed where the water of the creek washed under at least one of them. It may be that mere repairs of some old work would not come within the provisions of the statute; but a new structure, such as this new railroad bridge is, is something more than mere repairs. We think that it comes within the provisions of the statute; and therefore, that upon the facts of this case the plaintiffs may recover.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.