## TOOLS AND IMPLEMENTS FURNISHED ON THE ORDER OF A SUB-CONTRACTOR.

Common Pleas Court of Hamilton County.

WILLIAM L. CONNELL, v. THE PITTSBURG, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY ET AL.

Decided, July 28, 1916.

*Liens—Steam Shovel Furnished to a Railway Sub-Contractor—Engaged in "Stripping" a Gravel Pit—Burden on Head Contractor to Show Payment in Full Prior to Notice.*

1. A sub-contractor engaged in stripping the surface soil of a tract of land for the purpose of preparing the ground to be used as a gravel pit, from which gravel is to be taken to be used as ballast in the construction and repair of railway tracks, is engaged in furnishing labor and material for and in the construction of a railroad, and a person who rents a steam shovel to such sub-contractor to be used in said work is a person who furnishes tools and implements on the order of a sub-contractor for his use, and is entitled to a lien under the provisions of Section 8351, General Code.

2. In a contest between the head contractor and the person furnishing the steam shovel, the burden is upon the head contractor to show that prior to the notice of lien he had paid to the sub-contractor all moneys due said sub-contractor under the contract.

3. Whether said payment in full by the head contractor to the sub-contractor would defeat the lien of the person furnishing the steam shovel, *quaere*.

*Herrlinger & Dixon*, for plaintiff.

*Victor Heintz*, for the defendant, Wise.

*Maxwell & Ramsey* and *Joseph S. Graydon*, for the railway company.

GEOGHEGAN, J.

This is an action brought by William L. Connell against the railway company to enforce a lien under the provisions of Section 8351, General Code. The facts are as follows:

The defendant, Wise, had a contract with the railway company to strip the upper surface of the earth over a certain gravel pit of the railway company at Terrace Park. One Watts was a sub-contractor under him, and the plaintiff, Connell, furnished to the said Watts an automatic steam shovel to be used upon a portion of the work that had been sublet to Watts. The purpose for which the work was being done was to remove the earth that covered the gravel, and the testimony of the railway company's engineer is that the railway company intended to operate this gravel pit for the purpose of obtaining ballast for its tracks between Cincinnati and Columbus. The railway company has in its possession the sum of $1,933, which it has retained from the amount due Wise, in order to cover the claim of Connell in case it should be determined that Connell has a lien under the statute.

The questions for determination are, first, whether under the circumstances Connell has a lien under the provisions of Section 8351, General Code; and, second, whether or not the burden is upon Connell to prove that there is due Watts from Wise any sum of money on account of the sub-contract of Wise, in order to enforce the lien.

As to the first proposition, the court is of the opinion that under the provisions of Section 8351, Wise has a lien. It is conceded by counsel for Wise that when Connell rented his steam shovel to Watts, he was a person who furnished tools and implements on the order of a sub-contractor for his use, and the only question is whether or not Watts at the time was furnishing materials and labor for or in the construction of a railroad. Counsel for Wise contends that inasmuch as it is conceded that Watts was merely stripping the surface soil for the purpose of preparing the ground to take out the gravel, that he was not furnishing material or labor in the construction of a railroad. I can not agree with this contention. It is necessary in the proper construction and maintenance of a railroad that gravel be used; that is the form of ballast commonly in use in this section of the country, and it is the custom of railroad companies, and especially of the railway company defendant herein, as

testified to by its engineer, to maintain at points along the various divisions gravel pits, so that this ballast may be obtained. It is also necessary in this section of the country, in order to obtain clean gravel, that the surface of earth above the gravel be stripped. Now, it would seem to be an extraordinary construction of the lien law to hold that while a man might have a lien, under the present circumstances, if the contract were for the taking out of gravel, he would not have a lien where the contract was for the doing that which is absolutely necessary in order to get the gravel. I am unwilling to adopt such a narrow construction.

Therefore, I am of the opinion that Watts was engaged in furnishing labor and material for and in the construction of a railroad, and inasmuch as Connell furnished him with a tool or implement for his use in said work, Connell comes within the provisions of Section 8351.

I am supported in this view as to what constitutes the construction of a railroad by *Railway Co.* v. *Brown*, 14 Kan., 557, wherein the late Justice Brewer, of the Supreme Court of the United States, then a judge of the Supreme Court of Kansas, held in determining a question arising under the lien law in that state similar to the one we have here involved, that a lien might attach for additional construction of side-tracks, filling up of holes, widening the right-of-way, etc., even though the road construction had long been completed. And by *Railroad Company* v. *McConnell*, 25 Kan., 370, in an opinion by Judge Valentine, in which Justice Brewer concurred, wherein it was held that the removal of an old bridge and the construction of a new bridge is such a construction of a part of the railroad company's road within the meaning of the lien statute. And the same view seems to be held in *Dean* v. *Rannels et al*, 12 Indiana App., 97.

As to the second proposition, I am of the opinion that when Connell proved his contract with Watts for the use of the machine and the amount that was due him, coupled with the admission of the railroad company that it was retaining a sum sufficient to cover the claim of Connell, that the burden rested on Wise to go forward and show that he had paid Watts all that

was due him under the contract, and I say this independently of any question of whether or not his ability to show this would have made him successful in resisting Connell's claim of lien.

I am not sure that a general construction of the provisions of the General Code relating to liens of the character claimed here will result in the conclusion that a lien against a fund is to be defeated by a showing on the part of the head contractor that he has paid the sub-contractor all that is due him, where it is shown that the affidavit has been duly filed and recorded and the notice required by the statute given. Whatever may be the rule in regard to that, I do not feel that it is necessary for me to discuss it here. No attempt was made by Wise to offer any evidence that he had paid Watts everything that was due him, although he pleads the fact of payment in his answer filed herein. It always has been my understanding that wherever payment is pleaded, no matter in what kind of an action, the burden is upon him who pleads it to prove it, and that his merely pleading payment raises no presumption in his favor, In fact, in the case of *Rudd* v. *Davis,* 1 Hill (New York), 277, the Supreme Court held that in an action by a plaintiff who claimed a lien and showed a substantial performance of the contractor's agreement with the owner, that this was *prima facie* sufficient to show that he was entitled to recover, and if the fact be otherwise the onus of proving it is on the defendant.

Therefore, as it is admitted that Connell did furnish the steam shovel, and that Watts was a sub-contractor under Wise, and that Wise had a contract with the railroad company, and that the railroad company is now withholding from Wise a sum sufficient to cover Connell's lien, the presumption that that arises in Connell's favor would be sufficient to allow him to recover, even though it might be held that under the statute no lien can attach if the contractor has paid the sub-contractor in full for his services, a point which I distinctively do not undertake to determine here.

Therefore, judgment will be given for the plaintiff, but inasmuch as the case has resolved itself into a contest between Wise and Connell for the possession of a fund in the hands of

the railroad company, interest will not be allowed upon the sum claimed.